UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff<br><br>v.<br><br>HOWARD WONG and<br>JUAN MARTINEZ-NICASIO,<br><br>    Defendants | Docket No.: 3:24-cv-00067 |

**COMPLAINT AND JURY CLAIM OF PLAINTIFF,
PROGRESSIVE CASUALTY INSURANCE COMPANY**

**PARTIES**

1. The plaintiff, Progressive Casualty Insurance Company ("Progressive"), is an Ohio Corporation with a principal place of business in Mayfield Village, Ohio.

2. The defendant, Howard Wong ("Wong"), is an individual who, upon information and belief, resides in New Britain, Connecticut.

3. The defendant, Juan Martinez-Nicasio ("Martinez-Nicasio") is an individual who, upon information and belief, resides in Manchester, Connecticut.

**NATURE OF ACTION**

4. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure in which the plaintiff, Progressive, seeks a declaration of the rights and obligations of the parties under the provisions of a policy of insurance issued by Progressive.

1

## FACTUAL BACKGROUND

5. Progressive received notice of a lawsuit by Martinez-Nicasio against Wong as a result of an incident occurring on February 1, 2022 at or before 11:02 a.m. in East Hartford, Connecticut involving a vehicle owned and driven by Wong and a mail truck operated by Martinez-Nicasio (hereinafter "the underlying incident").

6. Progressive issued Connecticut Auto Policy No. 947695616 to Wong for the policy period from September 27, 2021 to March 27, 2022 ("the Progressive Policy"). The Progressive Policy sets forth the scope of liability coverage provided by Progressive.

7. A true and accurate copy of the Progressive Policy is attached as Exhibit A.

8. At the time of the underlying incident, Wong was operating a 2009 Ford F-150 with Vehicle Identification Number 1FTPW14V49FA28547 ("the Ford").

9. At the time of the underlying incident, Wong owned the Ford.

10. Wong purchased the Ford from Patrice Hamilton on January 28, 2021.

11. Wong did not notify Progressive that he became the owner of the Ford before the underlying incident.

12. At the time of the underlying incident, Wong maintained the Ford

13. At the time of the underlying incident, Wong regularly used the Ford.

14. At the time of the underlying incident, the Ford was not listed on the declarations page of the Progressive Policy.

15. Wong did not pay an additional premium on the Progressive Policy for the Ford

16. Martinez-Nicasio has filed a lawsuit against Wong seeking to recover for alleged injuries sustained as a result of the underlying incident.

17. A true and accurate copy of the complaint filed by Martinez-Nicasio is attached as Exhibit B.

18. Upon information and belief, Martinez-Nicasio seeks damages in excess of $75,000 in the pending lawsuit.

19. Progressive is providing a defense to Wong in the Martinez-Nicasio lawsuit subject to a reservation of rights.

20. An actual controversy within the jurisdiction of this Court exists with respect to the allegations stated herein.

## COUNT I

21. Progressive repeats and realleges the allegations set forth in paragraphs above and incorporates them herein.

22. The Progressive Policy under Part I—Liability to Others provides in relevant part as follows:

    Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for:

    …

    11. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle owned by **you** or furnished or available for **your** regular use, other than a **covered auto** for which this coverage has been purchased;

23. At the time of the underlying incident, the Ford was not a "covered auto" within the meaning of the Progressive Policy.

24. The Progressive Policy does not afford coverage to Wong under Part I—Liability to Others for the claims asserted by Martinez-Nicasio as a result of the underlying incident.

3

25. The Progressive Policy does not afford coverage to Wong for the claims asserted by Martinez-Nicasio as a result of the underlying incident.

26. Progressive has no duty to defend Wong in connection with the lawsuit filed by Martinez-Nicasio.

27. Progressive has no duty to indemnify Wong in connection with any damages, judgment, or settlement awarded or paid in connection with the lawsuit filed by Martinez-Nicasio.

WHEREFORE, the plaintiff, Progressive Casualty Insurance Company, seeks a judgment:

A. Declaring that the Ford was not a "covered auto" within the meaning of the Progressive Policy;

B. Declaring that the Progressive Policy does not afford coverage to Wong under Part I—Liability to Others for the claims asserted by Martinez-Nicasio as a result of the underlying incident;

C. Declaring that Progressive has no duty to defend Wong in connection with the lawsuit filed by Martinez-Nicasio;

D. Declaring that Progressive has no duty to indemnify Wong in connection with any damages, judgment, or settlement awarded or paid in connection with the lawsuit filed by Martinez-Nicasio

E. Awarding any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

THE PLAINTIFF, PROGRESSIVE CASUALTY INSURANCE COMPANY, CLAIMS A JURY TRIAL ON ALL ISSUES.

PLAINTIFF,
PROGRESSIVE CASAULTY INSURANCE
COMPANY,
By its Attorneys:

*/s/ Scott T. Ober*
_____
Scott T. Ober, Esquire (ct23046)
sober@hassettdonnelly.com
Casey L. McCaffrey, Esquire (ct31606)
cmccaffrey@hassettdonnelly.com
Hassett & Donnelly, P.C.
185 Asylum Street
City Place I, 26th Floor
Hartford, CT  0103
(860)247-0644

Dated:   January 19, 2024

5